**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Deichmiller, et al., | No. CV-20-01669-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Deutsche Bank National Trust Company, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' timely filed Motion to Remand. (Doc. 14) The Motion is fully briefed and ready for review. (Docs. 14, 16, 18) For the following reasons, the Motion will be granted.

**I.   BACKGROUND**

On September 11, 2019, Plaintiffs David Deichmiller and his wife Constance Sutton, both permanent residents of Arizona, brought claims against Defendant Deutsche Bank, a federal banking association registered in New York with its principal place of business in California, and its subsidiaries, none of which are based in Arizona. (Doc. 1-3 at 2–3) The claims were based in breach of contract, stemming from a loan Plaintiffs received in 2004. (Doc. 1-3 at 3, 11–15) The original loan was for $226,000. (Doc. 1-3 at 3) Plaintiffs defaulted on the loan in 2017 and Defendants or their subsidiaries foreclosed on Plaintiffs' house. (Doc. 1-3 at 5) A Trustee's Sale is pending. (Doc. 1-3 at 5–6) Plaintiffs allege the Trustee's Sale should be postponed so they can make payment arrangements. (Doc. 1-3 at 12–13) The value of the property is about $550,000. (Doc. 1-3 at 14) Plaintiffs

did not allege damages in specific amounts.

Defendants removed this case to federal court on August 25, 2020 based on federal question and diversity jurisdiction, after the filing and serving of Plaintiffs' First Amended Complaint ("FAC") on August 12, 2020. (Doc. 1 ¶¶4–5) Plaintiff now moves for remand to Maricopa County Superior Court, on the grounds that the removal was untimely because diversity jurisdiction existed at the outset of the case. (Doc. 14 at 2) Defendants dispute the allegation and claim they removed as soon as they knew there was federal question and diversity jurisdiction. (Doc. 16 at 2)

## II.    LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if subject-matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of establishing subject-matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the case is between citizens of different states. *See* 28 U.S.C. § 1332(a).

The removing party must also file the notice of removal within 30 days after receipt of a copy of the "initial pleading" giving rise to federal jurisdiction. *See* 28 U.S.C. 1446(b).

## III.    DISCUSSION

### A. Timely removal

Here, Plaintiffs argue that Defendants had notice of diversity jurisdiction as soon as the complaint was filed on September 11, 2019, because the amount of the original loan was more than $75,000. (Doc. 14 at 2) Plaintiffs believe there was always diversity jurisdiction, because the suit is based on a loan of $226,000. (Doc. 14 at X) Defendants argue that their notice of removal shows they did not know the amount in controversy at the time of the initial filing, and did not have notice of diversity or federal question

2

jurisdiction until the filing of the FAC on August 12, 2020. (Doc. 16 at 2–3) There are two points at which Defendants had notice of a paper giving rise to jurisdiction, and both times 30 days passed before Defendant filed their notice of removal.

  i.   *The initial complaint*

Defendants stated in that removal was in part based on diversity jurisdiction arising from Plaintiffs' FAC. (Doc. 1 ¶ 5) The diversity jurisdiction was based on the parties' domiciles and the loan amount of $226,000. (Doc. 1 ¶ 5) Defendants stated they were aware that $226,000 was the amount in controversy because a copy of the loan paperwork was attached to the FAC. (Doc. 1 ¶ 5d) However, the same paperwork was also attached to the original complaint, filed September 11, 2019 and served to Defendants the following day. (Doc. 1-3 at 19–26) Defendants did not remove then, though the same information was present. Defendants argue that Plaintiffs did not specifically plead an amount in controversy over $75,000 in their original complaint and thus they were unable to ascertain the amount. However, the FAC also does not contain a specific amount of damages other than statutory damages, which are much lower than the required amount for diversity jurisdiction. The pleadings provided the same information in September of 2019 that they did in August of 2020 and Defendants failed to act on it within the required 30 days. Therefore, removal is untimely. However, even if the original Complaint did not provide sufficient notice of diversity jurisdiction to Defendants, they still failed to timely file following the superior court's grant of leave to amend the complaint.

  ii.   *Leave to amend*

Defendants have 30 days from the filing and service of the "initial pleading" giving rise to jurisdiction to file a notice of removal. *See* 28 U.S.C. § 1446(b). Removal may also be triggered by an "amended pleading, motion, order or other paper…" *See* 28 U.S.C. § 1446(b)(3). When a plaintiff files a motion for leave to amend in Arizona superior court, they must include a copy of the proposed amended pleading. Ariz. R. Civ. P. 15(4). When the court grants leave to amend, the defendant is on notice that the case is now removable because of the amended complaint's contents (assuming the amended complaint contains

a federal cause of action or the grounds for diversity jurisdiction). In a case like this one, *Universal Semiconductor, Inc. v. Tuoi Vo*, the plaintiff sought leave to amend its complaint to add a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim. No. 5:16-CV-04778-EJD, 2017 WL 2719987, at *1 (N.D. Cal. Feb. 9, 2017). The court granted the motion to amend on July 8, 2016. *Id.* Plaintiff filed its amended complaint on July 18, 2016. *Id.* Defendants said they received it July 22, 2016 and filed their Notice of Removal August 18, 2016. *Id.* Plaintiff moved to remand on grounds of untimeliness, arguing the defendants had notice of the RICO claims on July 8, 2016. *Id.* The court found this argument persuasive, stating that the majority of circuits follows the approach that starts the 30-day period when the motion to amend is granted because the plaintiff has leave to file its federal claims. *Id.* at *2. This Court, while it has not made a ruling on the precise issue, has signaled that it would take a similar approach. *See e.g., U.S. Bank Nat'l Ass'n v. Starr Pass Resort Developments, LLC*, No. CV 12-519-TUC-FRZ, 2012 WL 13026921, at *2 (D. Ariz. Sept. 5, 2012) (the state court judge's order granting the motion to amend gave rise to basis for removal); *Fesko v. Equiant Fin. Servs. Inc.*, No. CV-19-01366-PHX-DWL, 2019 WL 1915617, at *1 (D. Ariz. Apr. 30, 2019) (when the motion to amend was granted, the case first became removable under § 1446(b)(3)).

Here, Maricopa County Superior Court granted Plaintiff's Motion to Amend on July 16, 2020. (Doc. 14 at 15) The 30-day clock started then because plaintiffs were granted leave to file their federal claims. Defendants filed their Notice of Removal on August 25, 2020. (Doc. 14 at 15) The time period for removal had already passed, even assuming that Defendants did not miss the earlier window to remove in 2019.

**B. Plaintiffs' claims arising under federal statutes**

As to Plaintiffs' federal claims that give rise to federal question subject matter jurisdiction, the federal statutes under which Plaintiffs allege causes of action contain grants of exclusive federal jurisdiction from Congress. (Real Estate Settlement Procedures Act, Fair Debt Collection Practice Act) The state court is equipped to handle these claims, particularly in light of the substantial time and effort the state court has already expended

on this matter.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand (Doc. 14) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to Maricopa County Superior Court and terminate this case.

Dated this 28th day of October, 2020.

Honorable Steven P. Logan
United States District Judge

5